# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1034-GW(AJWx) | Date | July 30, 2015 |
| Title | *Gary Garcia v. Mortgage Electronic Registration Systems, Inc., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Debi Read | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Gary Garcia, *pro se*       John Patrick Ward

**PROCEEDINGS:    DEFENDANT'S MOTION TO DISMISS COMPLAINT [11]**

Court hears argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendants' motion is GRANTED WITH LEAVE TO AMEND. Plaintiff Garcia will have until August 20, 2015 to file a First Amended Complaint.

A Scheduling Conference is set for September 28, 2015 at 8:30 a.m. Any dispositive motions may be heard on the September 28 hearing date.

                                                                                            :    04

                                            Initials of Preparer    JG

*<u>Garcia v. Mortg. Elec. Registration Sys., Inc.</u>*, Case No. CV-15-1034-GW (AJWx)
Tentative Ruling on Motion to Dismiss

## I. <u>Background</u>

Gary Garcia ("Garcia") filed suit against Mortgage Electronic Registration Systems, Inc. ("MERS"), alleging that MERS negligently assigned a Deed of Trust in which Garcia and his wife were listed as borrowers. *See generally* Complaint ("Compl."), Docket No. 1.

On July 26, 2006, a Deed of Trust was recorded securing the mortgage loan for Garcia's property at 23850 Hollingsworth Drive, Murrieta, California 92562. *Id.* ¶ 11, Ex. 1. The Lending Connection, Inc. (the "Lending Connection") was listed as the lender on the Deed of Trust. *Id.* On October 8, 2008, an assignment of the Deed of Trust was recorded. *Id.* ¶ 13, Ex. 2. The assignment – undersigned by MERS, as nominee for the Lending Connection – read: "For value received, the undersigned corporation hereby grants, assigns, and transfers to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley . . . all beneficial interest under [the Deed of Trust]." *Id.* Ex. 2.

Garcia alleges that MERS was not the nominee for the Lending Connection and therefore had no authority to transfer all beneficial interest under the Deed of Trust. *Id.* ¶ 15. Garcia alleges that, as a result of MERS's alleged negligence, Garcia's "chain of title has been rendered unmarketable and fatally defective by the improper assignment." *Id.* ¶ 14. Garcia further alleges that the recording resulted in "slander of his name, damage to his credit," and "financial burden." *Id.* ¶ 27.

Garcia asserts one cause of action, for negligence. *See generally id.* The Complaint also alleges that MERS violated 18 U.S.C. § 1001, and 18 U.S.C. § 1341, but formally only asserts the negligence claim. *See id.* ¶¶ 16-17. Garcia requests the following relief for the MERS's alleged negligent assignment: voidance of the Assignment of Deed of Trust recorded on October 8, 2008; $100,000 for MERS's alleged violation of 18 U.S.C. § 1001; $100,000 for MERS's alleged violation of 18 U.S.C. § 1341; punitive damages; costs; and any such further relief that the Court deems just and proper. *See id.* at 14:5-11.

MERS has filed a Motion to Dismiss the Complaint ("Motion"), arguing that Garcia's claims are barred by *res judicata* and furthermore that Garcia has failed to state a claim. *See* Mot., Docket No. 11.

1

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss requires the court to determine the sufficiency of the plaintiff's complaint and whether or not it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also Twombly*, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

## III. Analysis

### A. Violation of Local Rule 7-3

As an initial matter, MERS acknowledges that it did not meet and confer with Garcia at least seven days before filing its motion, as required under Local Rule 7-3. MERS apparently reasons that it was unnecessary to have a conference pursuant to the rule "[b]ecause Plaintiff is pro per" and because MERS decided that "it would be an exercise in futility to attempt to resolve

this matter with Plaintiff prior to filing the instant motion." Mot. at 2:12-20. While MERS may be correct in its assumption that the conference would not have resulted in a resolution of the present dispute, this is not a reason for MERS to blatantly ignore the requirements of the Local Rules. This violation of the meet-and-confer requirement would be a basis for the Court to strike or deny MERS's Motion in its entirety. However, because the Court has reviewed the briefs and has determined that striking the Motion would only serve to needlessly prolong this dispute, it will make a ruling on the merits of MERS's Motion.

### B. *Res Judicata* Does Not Apply

MERS first argues that Garcia's claims are barred by *res judicata*. Specifically, MERS contends that Garcia's claim has already been adjudicated in prior state and federal proceedings, and thus that Garcia is barred from pursuing the present suit. MERS references two prior decisions: (1) a bankruptcy court case for declaratory judgment and quiet title Garcia filed against Deutsche Bank National Trust Company and MERS wherein the bankruptcy court dismissed the case with prejudice for failure to state a claim; and (2) a California Superior Court case Garcia and Kristina Garcia filed against Quality Loan Servicing Corp., Saxon Mortgage Services, Inc., Deutsche Bank National Trust Company, Morgan Stanley Investment Management Inc., Ocwen Loan Servicing, LLC, Altisource Portfolio Solutions S.A., and LPS Mortgage Processing Solutions, Inc., for fraud, quiet title, and related claims, wherein the court sustained defendants' demurrer without leave to amend and awarded judgment in favor of defendants in that case. *See* Request for Judicial Notice in Support of Mot. to Dismiss ("RJN") Exs. 2-5, Docket No. 12.[1] MERS also references several other state and federal cases in its Motion, but does not include the details of those cases, some of which appear to have been dismissed voluntarily or otherwise not decided on the merits. *See* Mot. at 3:8-4:8. Without further detail regarding the other cases, the Court will look to only the two aforementioned decisions in order to determine whether *res judicata* applies as to those decisions.

---

[1] MERS requested that the Court take judicial notice of five documents: (1) a Trustee's Deed Upon Sale recorded on November 19, 2010, (2) the complaint filed in the bankruptcy case (no. 6:11-ap-01819-MJ), (3) the order granting the motion to dismiss in the bankruptcy case, (4) the first amended complaint filed in the Superior Court case (no. MCC1300769), and (5) the order granting the demurrer in the Superior Court case. *See generally* RJN. The Court grants MERS's request as to all five documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (Court may take judicial notice of matters of public record, provided the facts are not subject to reasonable dispute); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record.") (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *Velazquez v. GMAC Mortg. Corp.*, 605 F.Supp.2d 1049, 1057-58 (C.D. Cal. 2008) (taking judicial notice of documents recorded by the Los Angeles County Recorder's Office, including deeds of trust).

Federal courts apply *res judicata* to prior federal court decisions when the earlier suit: "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citing *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002)). Federal courts are also required to give full faith and credit to state court judgments. *See San Remo Hotel, L.P. v. City of San Francisco*, 545 U.S. 323, 336 (2005); 28 U.S.C. § 1783. Accordingly, state court judgments have the same preclusive effect in federal court as they would have in the state's own courts. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In California, the party asserting *res judicata* must show: "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *People v. Barragan*, 32 Cal.4th 236, 253 (2004). A "valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood*, 15 Cal.3d 791, 795 (1975).

Here, *res judicata* does not apply to bar Garcia's suit as to either the state court or the bankruptcy court actions. According to the Complaint, Garcia is bringing a negligence action against MERS for negligently assigning the Deed of Trust. Garcia alleges that MERS was not recorded as the nominee for the lender and thus did not have authority to effect the transfer. The two prior actions cited by MERS were for quiet title and other related claims – in essence, they were actions to determine whether Garcia had defaulted on his loan such that he no longer had title in the property in question. In contrast, the present action is for negligence in assigning the Deed of Trust without authority to do so. Although related factually to the other actions, the present action focuses on an issue separate from Garcia's default and the subsequent foreclosure. Garcia argues that he is not challenging the foreclosure; rather, he contends he is merely MERS's assignation of the Deed of Trust. The Court must take Garcia's allegations at face value. Accordingly, it concludes that Garcia's present claim is not the same as his prior claims. Furthermore, MERS was not named as a party in the Superior Court action, and thus cannot assert *res judicata* as to that action.

### C. Garcia's Negligence Claim is Time-Barred

Although Garcia's suit is not barred by *res judicata*, it is barred by the statute of

4

limitations. California law provides a two-year limitations period for negligence claims. Cal. Civ. Proc. Code § 335.1. The alleged negligent assignment was recorded on October 8, 2008. Compl. ¶ 13, Ex. 2. Garcia filed the present Complaint on May 27, 2015, more than two years after the alleged negligent action. Unless Garcia can present an alternative argument that his negligence claim accrued at later date than the alleged negligent assignment (and within two years from when Garcia filed the present Complaint), then Garcia's negligence claim is time-barred.

## IV. Conclusion

For the foregoing reasons, the Court would DISMISS the Complaint. Garcia would be granted leave to amend only insofar as he can plead facts supporting a negligence claim that is not barred by the two-year statute of limitations.